IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE MOSLEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-1680-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Lawrence Mosley, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1996, petitioner pled guilty to sexual assault and was given a 10-year suspended sentence, probated for 10 years. No appeal was taken. Thereafter, petitioner was charged with a probation violation. On July 13, 2001, the trial court revoked his probation and sentenced petitioner to nine years confinement. Petitioner then sought state and federal post-conviction relief on the ground that he was denied credit on his sentence for time spent on probation. Three state writs were denied without written order. *Ex parte Mosley*, WR-34,452-03 (Tex. Crim. App. Jun. 18, 2003); *Ex parte Mosley*, WR-34,452-04 (Tex. Crim. App. Jan. 10, 2007); *Ex parte Mosley*, WR-34,452-05 (Tex. Crim. App. Apr. 9, 2008). One federal writ was dismissed on limitations grounds. *Mosley v. Cockrell*, No. 3-03-CV-1522-N, 2003 WL 22384926 (N.D. Tex. Sept. 12, 2003), *COA denied*, No.

03-11013 (5th Cir. Feb. 17, 2004). Another federal writ was dismissed as successive. *Mosley v. Quarterman*, No. 3-07-CV-0277-M, 2007 WL 690176 (N.D. Tex. Mar. 6, 2007). The Fifth Circuit has denied a request for authorization to file a successive writ of habeas corpus. *In re Mosley*, No. 07-10673 (5th Cir. Jul. 26, 2007).

Undeterred, petitioner now seeks federal habeas relief for a third time. In two grounds, petitioner contends that: (1) the trial judge was "constitutionally disqualified" from presiding over his sentencing hearing; and (2) he has not been credited with all time served on his sentence in violation of the double jeopardy clause. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

All of the claims raised by petitioner in his pending federal writ were either known, or should have been known, at the time he filed his first habeas petition. *See Newman v. Cockrell*, No. 3-02-CV-0159-L, 2003 WL 21653867 at *2 (N.D. Tex. Apr. 8, 2003), *auth. to file succ. habeas petition*

*denied*, *In re Newman*, No. 03-10354 (5th Cir. Jun. 4, 2003) (federal writ challenging parole revocation held successive where petitioner filed a prior writ after parole had been revoked).[1] Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, the case must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent petitioner argues that the trial judge was "constitutionally disqualified" from hearing his most recent application for state post-conviction relief, that claim is not successive. However, it is not cognizable in a federal habeas proceeding under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases) ("[A]n attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.").